UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION AT ASHLAND

| | |
|---|---|
| TRACEE LA MONTE TAYLOR, a/k/a TRACEE L. TAYLOR, Petitioner, v. MICHAEL SEPANEK, *Warden*, Respondent. | Civil Action No. 14-CV-160-HRW **MEMORANDUM OPINION AND ORDER** |

\*\*\*\* \*\*\*\* \*\*\*\* \*\*\*\*

Tracee La Monte Taylor, a/k/a Tracee L. Taylor, is an inmate confined by the Bureau of Prisons ("BOP") in the Federal Correctional Institution-Ashland located in Ashland, Kentucky. Proceeding without counsel, Taylor has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 [D. E. No. 1], challenging his federal carjacking and related firearm convictions. Taylor has paid the $5.00 filing fee. [D. E. No. 3]

The Court conducts an initial review of habeas corpus petitions. 28 U.S.C. § 2243; *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). The Court must deny the petition "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to §

2241 petitions under Rule 1(b)). The Court evaluates Taylor's petition under a more lenient standard because he is not represented by an attorney, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003). The Court also accepts his factual allegations as true and construes his legal claims in his favor. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

As explained below, the Court will deny Taylor's habeas petition because the claims which he asserts cannot be pursued under 28 U.S.C. § 2241.

## LITIGATION HISTORY

In December 1997, Taylor and two other individuals carjacked a vehicle and in the process, trapped Lakesha Wade, a pregnant woman, in that vehicle; shot Wade in the chest; and stole the automobile. On August 14, 1998, after a four-day trial, a federal jury in Indiana convicted Taylor of committing a carjacking in violation of 18 U.S.C. § 2119, and of aiding and abetting the use of a weapon in connection with a violent felony in violation of 18 U.S.C. § 924(c). *United States v. Tracee LaMonte Taylor*, No. 2:97-CR-167 (N. D. Ind., 1997) Taylor received a 293-month prison term. Taylor appealed, but the Seventh Circuit Court of Appeals affirmed his convictions. *United States v. Taylor*, 226 F.3d 593 (7th Cir. 2000)

In August 2011, Taylor filed a timely motion to set aside his sentence under 28 U.S.C. § 2255, alleging that in numerous instances, he had received ineffective

assistance of counsel from both his trial and appellate counsel. *Tracee L. Taylor v. United States*, No. 2:01-CV-505-RL (N. D. Ind. 2001) After extensive briefing, the district court denied Taylor's § 2255 motion on June 1, 2004, finding that none of his ineffective assistance of counsel claims had merit. [*Id.*, R. 17, therein] Taylor appealed, but the Seventh Circuit Court of Appeals denied him a certificate of appealability, stating, "This court has reviewed the final order of the district court and the record on appeal. We find no substantial showing of the denial of a constitutional right." [R. 29, p. 2, therein; see also *Tracee Taylor v. United States*, No. 04-3354 (7th Cir. Mar. 18, 2005).

On September 12, 2005, while the denial of his § 2255 motion was pending on appeal, Taylor filed another motion in the district court, seeking relief from his sentence under Federal Rule of Civil Procedure 60(b), based on the holding of *United States v. Booker*, 125 S. Ct. 738 (2005). *See Taylor* § 2255 proceeding, No. 2:01-CV-505-RL [R. 30, therein] On September 16, 2005, the district court denied that motion for lack jurisdiction, finding that it was essentially an unauthorized second or successive § 2255 motion. [R. 31, therein] On appeal, the Seventh Circuit Court Appeals affirmed, concluding that the district court had properly denied Taylor's motion as an unauthorized successive § 2255 motion, and it

3

denied Taylor's implied request for a certificate of appealability. [R. 38, therein; see also *Tracee Taylor v. United States*, No. 05-3834 (7th Cir. Nov. 10, 2005)]

## CLAIMS ASSERTED IN THE § 2241 PETITION

Taylor's § 2241 habeas petition is substantially lacking in detail, but Taylor did provide two sentences setting forth his essential claim in this proceeding:

(1) "An instruction the district court gave the jury on aiding and abetting the commission of an offense under § 924 was erroneous."

(2) "The district court failed to require proof that defendant/petitioner knew in advance that co-defendant possessed or would use a firearm in commission of a crime."

Taylor § 2241 Petition [D. E. No. 1, p. 3]

Broadly construing Taylor's § 2241 petition, he appears to be asserting a claim based on the case of *Rosemond v. United States*, ––U.S. ––, 134 S. Ct. 1240 (2014), which held that, in order to aid and abet a § 924(c) offense, a defendant must have advance knowledge that a firearm will be used or carried.

In *Rosemond*, the Court explained that "[a]n active participant in a drug transaction has the intent needed to aid and abet a § 924(c) violation when he knows that one of his confederates will carry a gun" and also held that the aiding-and-abetting conviction "requires not just an act facilitating one or another

4

element, but also a state of mind extending to the entire crime." *Id.* at 1248–49. "[T]he intent must go to the specific and entire crime charged"; so, for example, in *Rosemond*, to the full scope of a § 924(c) violation—predicate drug crime plus gun use. *Id.* at 1248. The Court explained, "[t]o aid and abet a crime, a defendant must not just 'in some sort associate himself with the venture,' but also 'participate in it as in something that he wishes to bring about' and 'seek by his action to make it succeed.'" *Id.* (quoting *Nye & Nissen v. United States*, 336 U.S. 613, 619 (1949)).

Thus, Taylor appears to be claiming that the government failed to prove that he actively participated in the underlying carjacking offense with either the intention or advanced knowledge that one of the participants would use or brandish a gun during the commission of the crime.

## DISCUSSION

As a general rule, 28 U.S.C. § 2255 provides the correct avenue to challenge a federal conviction or sentence, whereas a federal prisoner may file a § 2241 petition if he is challenging the execution of his sentence (*i.e.*, the BOP's calculation of sentence credits or other issues affecting the length of his sentence). *See United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001); *see also Charles Chandler*, 180 F.3d 753, 755–56 (6th Cir. 1999). The Sixth Circuit has explained the difference between the two statutes as follows:

> [C]ourts have uniformly held that claims asserted by federal prisoners that seek to challenge their convictions or imposition of their sentence shall be filed in the [jurisdiction of the] sentencing court under 28 U.S.C. § 2255, and that claims seeking to challenge the execution or manner in which the sentence is served shall be filed in the court having jurisdiction over the prisoner's custodian under 28 U.S.C. § 2241.

*Terrell v. United States*, 564 F.3d 442, 447 (6th Cir.2009) (internal quotation marks omitted).

In short, 28 U.S.C. § 2255 provides the primary avenue for federal prisoners seeking relief from an unlawful conviction or sentence, not § 2241. *See Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 2003). Here, Taylor is not challenging the execution of his sentence, such as the computation of sentence credits or parole eligibility, issues which fall under the ambit of § 2241. Instead, Taylor contends that based on *Rosemond*, he is actually innocent of his § 924(c) conviction for aiding and abetting the use of a firearm during and in relation to a crime of violence. Taylor is thus challenging the constitutionality of his sentences on Fifth Amendment grounds, under § 2241 by way of the "savings clause" of § 2255(e). However, § 2241 is not the proper mechanism for asserting this particular claim.

A federal prisoner may challenge the legality of his detention under § 2241 only if his remedy under § 2255(e) is found to be inadequate or ineffective. *Wooten v. Cauley*, 677 F.3d 303, 306-07 (6th Cir. 2012); *Charles*, 180 F.3d at 756.

This exception does not apply where a prisoner fails to seize an earlier opportunity to correct a fundamental defect in his or her convictions under pre-existing law, or actually asserted a claim in a prior post-conviction motion under § 2255 but was denied relief. *Charles*, 180 F.3d at 756. Further, a prisoner proceeding under § 2241 can implicate the savings clause of § 2255 if he alleges "actual innocence," *Bannerman v. Snyder*, 325 F.3d 722, 724 (6th Cir. 2003), and a petitioner may only pursue a claim of actual innocence under § 2241 when that claim is "based upon a new rule of law made retroactive by a Supreme Court case." *Townsend v. Davis*, 83 F. App'x 728, 729 (6th Cir. 2003). "It is the petitioner's burden to establish that his remedy under § 2255 is inadequate or ineffective." *Charles*, 180 F.3d at 756.

Again, affording Taylor's § 2241 petition the broadest possible construction, Taylor appears to be claiming that his § 2255 motion was inadequate or ineffective because *Rosemond*, decided long after his § 2255 motion was denied, applies retroactively to him and supports his claim that he was improperly convicted under § 924(c). As the Sixth Circuit Court of Appeals has recently noted, "The Supreme Court did not state whether the principles explained in *Rosemond* apply retroactively to convictions that are final under state law." *Berry v. Capello*, 576 F. App'x 579, 592 (6th Cir. 2014) Taylor was, of course, convicted of federal offenses. In *Berry*, the Sixth Circuit assumed without deciding that *Rosemond*

7

applies retroactively, but nevertheless determined "...that the trial evidence supported the jury's determination that Berry possessed a state of mind extending to the entire crime, including the necessary intent to aid and abet felony murder and to aid and abet assault with intent to rob while armed." *Id.*

However, several district courts, including this one, have directly addressed the issue of whether *Rosemond* applies retroactively, and have determined that because the holding was dictated by established precedent, *Rosemond* does not apply retroactively to cases on collateral review. *See Montana v. Cross*, No. 3:14-CV-01019, 2014 WL 5091708, at *3 (S.D. Ill. Oct. 10, 2014) (denying § 2241 petition, finding that the petitioner's reliance on *Rosemond* "...does not bring his claim within the savings clause....," and stating, "The Supreme Court gave no indication that its decision in *Rosemond* should be given retroactive application to a case on collateral review, such as the instant action."); *Taniguchi v. Butler*, No. 6:14-CV-120-KKC, 2014 WL 5063748, at *5 (E.D. Ky. Oct. 8, 2014) (denying § 2241 habeas petition based on *Rosemond* claim); *United States v. Foreman*, No. 02-CR-135-TCK, 2014 WL 4403445, at *1 (N.D. Okla. Sept. 5, 2014); *Rainwater v. Werlich*, No. 14-CV-994, 2014 WL 4273631, *2 (D. La. Aug. 29, 2014) (relief not available in § 2241 under savings clause of § 2255(e) because *Rosemond* has not been declared retroactively applicable by Supreme Court); *Minaya v. United*

*States*, --- F.Supp.2d ----, 2014 WL 4229993, at *2 (S.D. N.Y. Aug. 19, 2014), *Gentile v. Fox*, No. 2:14-CV-01726, 2014 WL 3896065, at *9 (C.D. Cal. July 11, 2014) ("The [*Rosemond*] case did not involve an actual innocence claim, but rather merely an instructional error claim, and there is no indication in the decision that the rule declared therein regarding what it takes to aid and abet a § 924(c) offense would apply retroactively on collateral review."); *Martinez v. United States*, 2014 WL 3361748, at *2 (N.D. Tex. July 9, 2014).

This Court agrees with the analysis and result set forth in these cases, and concludes that *Rosemond* does not apply retroactively to cases on collateral review, such as the § 2241 petition which Taylor has filed in this proceeding. But even assuming that *Rosemond* applies retroactively to cases on collateral review, this Court is nevertheless persuaded that the Taylor's § 924(c) firearm conviction was warranted, and that Taylor knew in advance that a confederate would use or possess a firearm while carjacking Wade's automobile.

*Rosemond* holds that a person is liable for aiding and abetting a crime if "he (1) takes an affirmative act in furtherance of that offense, (2) with the intent of facilitating the offense's commission." *Rosemond*, 134 S.Ct. at 1245, and that a defendant may "assist in § 924(c)'s violation by facilitating either the [underlying violation] or the firearm use (or of course both)." *Id.* at 1247. With respect to an

armed drug sale under 18 U.S.C. § 924(c), the Court held that an aiding and abetting conviction requires the government to prove the defendant had "advance knowledge" that a coconspirator would use or carry a gun as part of the crime's commission. *Id.* at 1243. "[A]dvance knowledge," continued the Court, "means knowledge at a time the accomplice can do something with it--most notably, opt to walk away." *Id.* at 1249–50.[1]

Taylor's § 924 (c) conviction did not involve a drug crime, but instead involved the commission of a violent offense (carjacking). It was derived under the aiding and abetting theory, but it survives any collateral challenge based on

---

[1] The Supreme Court explained:

> ... An active participant in a drug transaction [or crime of violence] has the intent needed to aid and abet a § 924(c) violation when he knows that one of his confederates will carry a gun. In such a case, the accomplice has decided to join in the criminal venture, and share in its benefits, with full awareness of its scope—that the plan calls not just for a drug sale [or crime of violence], but for an armed one. In so doing, he has chosen ... to align himself with the illegal scheme in its entirety— including its use of a firearm. And he has determined ... to do what he can to make that scheme succeed. He thus becomes responsible, in the typical way of aiders and abettors, for the conduct of others. He may not have brought the gun to the drug deal [or crime of violence] himself, but because he took part in that deal knowing a confederate would do so, he intended the commission of a § 924(c) offense—i.e., an armed drug sale [or crime of violence].
>
> For all that to be true, though, the § 924(c) defendant's knowledge of a firearm must be advance knowledge—or otherwise said, knowledge that enables him to make the relevant legal (and indeed, moral) choice. When an accomplice knows beforehand of a confederate's design to carry a gun, he can attempt to alter that plan or, if unsuccessful, withdraw from the enterprise; it is deciding instead to go ahead with his role in the venture that shows his intent to aid an armed offense

*Rosemond*, 143 S.Ct. at 1249-50 (internal quotation marks, alterations, citations, and footnote omitted).

10

*Rosemond*. When Taylor filed the direct appeal of his convictions, he challenged the sufficiency of the evidence offered to establish that he knew beforehand of his confederate's (Kevin Wilson's) intent to use a firearm during the carjacking under § 924(c). In addressing and rejecting that argument, the Seventh Circuit noted that the government introduced no direct evidence showing that Taylor knew in advance that Wilson would use a firearm to commit the carjacking, but nevertheless affirmed the firearm conviction, finding that: (1) sufficient evidence supported Taylor's firearm conviction, and (2) no manifest miscarriage of justice resulted from Taylor's firearm conviction. *See Taylor*, 226 F. 3d at 597. The Seventh Circuit explained at length its conclusions on this issue:

> However, a reasonable jury could infer from the inherently violent character of carjackings that Taylor either anticipated or knew that Wilson was going to use a weapon. Moreover, during the extended pursuit of Wade, Taylor rode along in the Mitsubishi with Wilson, who was carrying his handgun this entire time, and the jury could reasonably infer that Taylor noticed or learned during the ride that Wilson possessed a weapon.
>
> **Even if Taylor did not discover Wilson's planned use of the weapon by this point, Taylor must have so understood once Taylor and his cohorts had trapped their victim at her sister's residence. There, Wilson charged out of Taylor's car wildly brandishing his weapon, shot Wade in the arm and fired three or four shots into the house. Taylor remained just yards away from Wilson this entire time and cannot credibly claim to have missed Wilson's use of a firearm during the carjacking.** *See, e.g., Haugh v. Booker*, 210 F.3d 1147, 1151 (10th Cir. 2000) (inferring knowledge based on the defendant's presence during his confederates' use of a firearm). If Wilson was physically distant or otherwise removed from

11

Taylor's vantage at the time Wilson brandished and used the firearm, we could not automatically presume Taylor's observation and actual knowledge of weapon use. *See United States v. Spinney*, 65 F.3d 231, 239 (1st Cir.1995); *United States v. Dinkane*, 17 F.3d 1192, 1197 (9th Cir. 1994). **Such was not the case here; Taylor was present on the scene within yards of Wilson when Wilson shot Wade from close range and discharged several shots into the residence.**

**At this point, after learning of Wilson's firearm use and while the commission of the carjacking was still ongoing, Taylor continued to participate in the carjacking and facilitated Wilson's escape.** Taylor backed the Mitsubishi out of the front yard and used it to push Wade's Pontiac down the road, thus knowingly aiding Wilson's escape from a violent felony in which Wilson used a firearm. Taylor's acts of assistance are more than sufficient to meet the facilitation element, which "once knowledge on the part of the aider and abettor is established, ... does not take much to satisfy." *Woods*, 148 F.3d at 848 (quoting *United States v. Bennett*, 75 F.3d 40, 45 (1st Cir. 1996)). Less has met the requirement of facilitation in the past. For example, in *United States v. Price*, 76 F.3d 526, 530 (3d Cir. 1996), the Third Circuit found that the defendant had knowingly facilitated the use of a firearm when he continued to collect money from cash drawers during a bank robbery after the principal had threatened bank employees with a gun. *See also Bazemore v. United States*, 138 F.3d 947, 949-50 (11th Cir. 1998) (finding facilitation when the defendant drove the principal to the scene of the crime); *United States v. Morrow*, 977 F.2d 222, 231 (6th Cir.1992) (finding no miscarriage of justice when the defendant received the protection of his confederates' weapon). **Taylor likewise continued to assist Wilson by facilitating Wilson's escape after it was clear that Wilson had used a firearm in the commission of the carjacking.**

Manifest miscarriage of justice is perhaps the most demanding standard of appellate review. We will reverse "'only if the record is devoid of evidence pointing to guilt, or if the evidence on a key element of the offense was so tenuous that a 598 conviction would be shocking.'" *United States v. McKinney*, 143 F.3d 325, 330 (7th Cir. 1998) (quoting *United States v. Wright*, 63 F.3d 1067, 1072 (11th Cir. 1995)). We cannot say that the record is devoid of evidence pointing

12

to guilt or that the evidence is so tenuous that it shocks the conscience. No manifest miscarriage of justice resulted from Taylor's conviction.

*Taylor*, 226 F.3d 597-98 (emphasis added).

Admittedly, the Seventh Circuit's analysis of Taylor's liability under § 924(c) predated *Rosemond*, but the detailed facts set forth above, upon which the Seventh Circuit relied in affirming Taylor's § 924(c) firearm conviction, dictate the same result when analyzed under *Rosemond*. Taylor's various actions, as outlined by the Seventh Circuit, satisfy the *Rosemond*'s requirement that the government must prove that the defendant actively participated in the underlying crime with "advance knowledge" that a confederate would use, carry, or brandish a gun during commission of the underlying crime. *Rosemond*, 134 S. Ct. at 1243; 1249-50. A federal court in a post-conviction proceeding can rely on the factual conclusions made by an appellate court in the same case. *Smith v. Snyder*, 22 F. App'x 552, 553 (6th Cir. 2001); *Myers v. United States*, 198 F.3d 615, 619 (6th Cir. 1999). Based on framework set forth in *Rosemond* and the Sixth Circuit's summary of the evidence presented against Taylor at trial, Taylor's conduct "fit the bill" for an aiding and abetting conviction under § 924(c).

Other recent cases bear similarity to Taylor's claims. In *United States v. Aoun*, No. 13-20239, 2014 WL 2864587 (E.D. Mich. June 24, 2014), the government conducted two drug raids, in January 2103 and in March 2013, and

based on the evidence seized, charged Aoun with numerous federal drug and firearm offenses. The jury found Aoun guilty of numerous offenses, specifically, two counts of Possession of a Firearm in Furtherance of Drug Trafficking.

After the trial, Aoun filed motion for acquittal under Federal Rule of Criminal Procedure 29(c), and for new trial under Federal Rule of Criminal Procedure 33(a), arguing insufficient evidence existed to support the jury's verdict on Counts Four and Eight (Possession of a Firearm in Furtherance of Drug Trafficking) and, specific to Count Eight, Aiding and Abetting. Aoun cited *Rosemond* in support of his claim challenging his aiding and abetting conviction. The district court denied Aoun's motions, stating:

> Turning to the facts relating to Count Eight, the court finds there was sufficient evidence, even under the higher threshold set forth by *Rosemond*. Officers caught Defendant two months earlier with possession of a firearm. Moreover, during the two and one half hours of surveillance, Defendant remained at the premises with the co-defendant and several others. During that time, several guns were located within the home. Also, during the raid, the Defendant's codefendant was caught leaving the premises with four handguns in a bag. A rational jury could draw inferences that the firearms seized were to aid in drug trafficking, and Defendant was aware that the firearms existed at the home.

*Aoun*, 2014 WL 2864587, at a *5.

In *United States v. Rivera*, ---F. App'x---, 2014 WL 2958447 (2d Cir. July 2, 2014) Rivera was convicted of aiding and abetting the "use" of a firearm in

connection with two Hobbs Act robberies (Counts Three and Five of the Indictment). *Id.*, at *2. On appeal, Rivera argued that there was insufficient evidence to convict him for aiding and abetting the use of a firearm in connection with the robberies in violation of 18 U.S.C. §§ 924(c) and 2. *Id.* The Second Circuit rejected that claim and affirmed his two § 924(c) convictions, finding that there was "ample evidence" on which a jury could convict Rivera for aiding and abetting the use of a firearm in connection with the robberies. *Id.*, at *3.

In *Rivera*, the Second Circuit noted that various cooperating witnesses testified that Rivera had planned the robberies; that one of those witnesses testified that he met with Rivera "several times" to discuss the robbery of a jewelry business, and that it was Rivera's idea to use an unloaded firearm during the that robbery; that Rivera instructed one of his confederates about when and where to retrieve the gun from the robbery of the jewelry business; and that as to the second robbery of a FedEx truck, Rivera had assembled and/or recruited the crew of Russians which committed that robbery. *Id.* The Second Circuit thus concluded, "In light of the foregoing, under any standard, but particularly under the Supreme Court's recently articulated standard for aiding and abetting liability, there was sufficient evidence for a jury to convict Rivera on Counts Three and Five." *Id.*

Here, on direct appeal, the Seventh Circuit identified specific facts and trial testimony which established that Taylor "...either anticipated or knew that Wilson was going to use a weapon to commit the carjacking]." *See Taylor*, 226 F. 3d at 597. The jury believed the testimony of the prosecution's witnesses and found that Taylor knew beforehand that his colleague, Wilson, intended to use a gun during the crime. As noted in *Aoun*, a jury can draw inferences about a defendant's (or an accomplice's) intent based on all the facts and circumstances surrounding a crime's commission. *Id.*, at *5; *see also Rosemond*, 134 S. Ct. at 1257, n. 9 ("In any criminal case, after all, the factfinder can draw inferences about a defendant's intent based on all the facts and circumstances of a crime's commission.").

Here, the government proved that Taylor possessed advanced knowledge that his colleague in crime intended to use a firearm while carjacking Wade's car, which means that Taylor qualified as an aider and abettor of a firearm offense under 18 U.S.C. § 924(c). Under *Rosemond*, this is what the government must prove to convict a defendant as an aider and abettor to a § 924 (c) firearm offense. The Court is satisfied that the government proved the intent required under *Rosemond* to find Taylor guilty of aiding and abetting a § 924(c) firearm offense.

In summary, Taylor has not alleged a viable claim of actual innocence which would afford him relief under § 2241. The Court will therefore deny Taylor's § 2241 petition and dismiss this proceeding.

## CONCLUSION

Accordingly, **IT IS ORDERED** that:

1. The 28 U.S.C. § 2241 petition for a writ of habeas corpus [D. E. No. 1] filed by Tracee La Monte Taylor, a/k/a Tacee L. Taylor, is **DENIED**;

2. The Court will enter an appropriate judgment; and

3. This habeas proceeding is **DISMISSED** and **STRICKEN** from the Court's docket.

This November 26, 2014.



Signed By:
*Henry R. Wilholt, Jr.*
United States District Judge